IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

JAMAICA WILSON,

          Petitioner,                           ORDER

    v.                                               08-cv-285-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

          Respondent.
_____

      Petitioner Jamaica Wilson, an inmate at Waupun Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      The subject of the petition is petitioner's 2000 conviction in the Dane County Circuit Court for first degree intentional homicide, for which he is serving a life sentence.  Petitioner alleges only that he raised an ineffective assistance of counsel claim in the state courts.  He fails to state any grounds for relief or set forth any supporting facts in the petition.

      Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground.  Rule

2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases because "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996). The petition fails to cross that threshold.

Before taking further action, I will provide petitioner an opportunity to supplement his petition with the grounds for relief and facts that show that his custody is unlawful.

ORDER

IT IS ORDERED THAT petitioner will have until June 23, 2008 in which to supplement his petition with the alleged ground(s) for relief and supporting facts that show that his custody is unlawful. If petitioner fails to meet this deadline, the court will dismiss the petition for failure to prosecute.

Entered this 20th day of May, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2