IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JAMAICA WILSON,

                        Petitioner,                        OPINION AND ORDER

           v.                                              08-cv-285-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                        Respondent.
_____

Petitioner Jamaica Wilson, an inmate at Waupun Correctional Institution, has filed

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges

his 2000 conviction in the Dane County Circuit Court on one count of first degree

intentional homicide, for which he is serving a life sentence.  In his amended petition, he

alleges that he is in custody in violation of the laws and Constitution of the United States

because his trial lawyers were ineffective for 1) failing to inform him about the possibility

that the court could have instructed the jury regarding lesser degrees of homicide, including

felony murder, had he gone to trial; 2) failing to make that argument in the motion to

withdraw his plea; 3) informing him that he had no alternative but to plead guilty; and 4)

incorrectly informing him that his co-defendants were planning to enter guilty pleas.  Dkt.

##6-7.  In addition, petitioner alleges that his postconviction lawyer was ineffective for

failing to raise these ineffectiveness of trial counsel issues in postconviction proceedings. Dkt. #6.

Before the court is respondent's motion to dismiss on the ground that petitioner has set forth only one, unexhausted ineffective assistance of appellate counsel claim. Petitioner did not file a response. However, in his amended petition, he requests that this court stay proceedings on the petition while he exhausts his ineffective assistance of appellate counsel claim. Respondent argues that because the petition does not contain any exhausted claims, the stay and abeyance procedure does not apply.

I find that petitioner sufficiently stated five ineffective assistance of counsel claims in his petition. However, he failed to present claims one through four on appeal in the state courts. In claim five, petitioner blames his appellate counsel for this default. Because petitioner may still file a petition for a writ of habeas corpus in state court alleging ineffective assistance of appellate counsel, he has not yet exhausted claim five or the predicate claims (one through four). Although petitioner has requested a stay, he has not shown either that he has good cause for not exhausting his claims or that his claims have any potential merit. Therefore, I am denying the motion for a stay and granting the motion to dismiss on the ground that petitioner has failed to exhaust his claims.

From the petition, documents attached to the parties' submissions and state records available electronically, I find the following facts.

2

ALLEGATIONS OF FACT

On August 15, 2000, petitioner entered a plea of guilty in the Circuit Court for Dane County on one count of first degree intentional homicide. Dkt. #16, Exh. #1. At the time, he was represented by Mark Frank. Dkt. #7 at 6. Soon thereafter, petitioner retained Allen Schatz. On October 20, 2000, Schatz filed a motion to withdraw the plea, arguing that the circuit court had failed to ask petitioner whether he admitted to the conduct constituting the offense. However, in the motion, petitioner conceded that he entered the plea voluntarily and with understanding. Dkt. #16, Exh. #1. The circuit court denied the motion on January 5, 2001, finding that although the factual basis for the plea was not provided directly by petitioner, defense counsel's recitation of the facts and petitioner's admissions and understandings, evidence produced during discovery and the sworn facts in the complaint were sufficient for the court to ascertain that petitioner had admitted to conduct meeting the elements of the crime with which he was charged. Dkt. #16, Exh. #5 at 2 and 6. The circuit court sentenced petitioner to life in prison on March 14, 2001. Dkt. #16, Exh.#6 at 2.

On March 22, 2001, Schatz filed a notice of intent to pursue postconviction relief on petitioner's behalf. However, no postconviction motion or direct appeal was filed. On September 22, 2004, petitioner filed a pro se petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540

(1992), alleging that Schatz was ineffective for failing to pursue plaintiff's appellate rights. Dkt. #16, Exh. #6.  On December 29, 2004, the appellate court remanded the matter for an evidentiary hearing and decision.  Following a hearing on April 1, 2005, the circuit court reinstated petitioner's direct appeal rights.  On April 27, 2005, the court of appeals dismissed the habeas petition as moot, noting that petitioner's direct appeal rights had been reinstated.  See Consolidated Court Automation Progrmas (CCAP) Wisconsin Circuit Court Access for Dane County Case No. 2000 CF 152 at http://wcca.wicourts.gov (visited Oct. 23, 2008); dkt. #16, Exh. #7.

Paul Nesson represented petitioner on direct appeal.  On December 20, 2005, petitioner filed a postconviction motion in the circuit court, alleging that Frank had been ineffective for 1) failing to inform him about the possibility that the court could have instructed the jury regarding lesser degrees of homicide, including felony murder, had he gone to trial; and 2) incorrectly informing him that he had no alternative but to plead guilty and that his co-defendants were planning to enter guilty pleas, causing him to enter his plea hastily and without full knowledge or understanding.  Petitioner also alleged that Schatz was ineffective for failing to make all available arguments in the motion to withdraw the plea. On February 14, 2006, the circuit court held a hearing pursuant to State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), and addressed the alleged ineffective assistance of both Frank and Schatz.  The court determined that Frank did not breach his

4

duty to petitioner.  However, the court found that because Schatz had breached his duty to preserve petitioner's appeal rights, petitioner was entitled to proceed with his postconviction motions.  CCAP Wisconsin Circuit Court Access for Dane County Case No. 2000 CF 152 at http://wwca.wicourts.gov (visited Oct. 24, 2008); dkt. #16, Exh. #9.

Through Nesson, petitioner appealed the circuit court's 2001 denial of his presentence motion for a plea withdrawal, arguing that he did not admit all facts necessary to prove that he committed the crime charged.  State v. Wilson, No. 2006 AP 537 CR (Ct. App. Dec. 21, 2006), CCAP Wisconsin Supreme Court and Court of Appeals Case Access, available at http://wcca.wicourts.gov (visited Oct. 24, 2008); dkt. #16, Exh. #11.  On December 21, 2006, the Wisconsin Court of Appeals affirmed the decision of the circuit court, finding that a plea may be voluntarily, knowingly and understandably made even if a defendant is unwilling or unable to admit his participation in the alleged criminal acts.  Wilson No. 2006 AP 537 CR, at ¶ 11 (citing United States v. Musa, 946 F.2d 1297, 1302 (7th Cir. 1991)).  The Wisconsin Supreme Court denied petitioner's petition for review on March 14, 2007.  Petitioner filed the instant petition for a writ of habeas corpus on May 15, 2008.

5

OPINION

A.  Grounds for Relief

Respondent asserts that petitioner raised only one claim of ineffective assistance of appellate counsel in his federal habeas petition, alleging that his four ineffective assistance of trial counsel claims were included in the procedural section of his amended petition. Respondent is correct that on the application form for a writ of habeas corpus, petitioner listed these four claims as part of a description of the claims that he raised before the state circuit court.  Amended Petition, dkt. #7 at 3 and 7.  However, in a separate document filed on the same day, petitioner clearly set fort h all four of his ineffective assistance of trial counsel claims and asked the court to construe the document as "a clarification to the Application for an Original Habeas Corpus" and as a mixed petition including exhausted and unexhausted claims.  Dkt. #6.  In the order to show cause entered on July 1, 2008, this court granted petitioner's requests, identified all five grounds for the petition and ordered the state to respond.  Dkt. #10.  Contrary to respondent's assertion, the petition as amended properly specified the grounds for relief under Rule 2(c) of the Rules Governing Section 2254 Cases. See also Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003) (petition must cross "some threshold of plausibility" before state is required to answer).  I turn now to respondent's exhaustion arguments.

6

B.  Exhaustion

The record shows that petitioner raised all of his ineffective assistance of trial and

postconviction counsel claims in his December 2005 postconviction motion in the state

circuit court.  Following a Machner hearing, the circuit court addressed all the claims on the

merits and determined that only Schatz was ineffective for failing to preserve petitioner's

appeal rights.  Petitioner appealed.  However, his sole argument on appeal was that the

circuit court erred in denying his 2001 presentence motion for a plea withdrawal because he

did not admit the conduct necessary to prove that he committed the crime charged.  That

claim was the only claim that petitioner properly presented and exhausted in the state courts.

Duncan v. Henry, 513 U.S. 364, 365 (1995) (petitioner must present federal constitutional

claims initially to state courts); Engle v. Isaac, 456 U.S. 107, 125 n.28, 1570 n.28 (1982)

(claims exhausted when presented to highest state court for ruling on merits or when state

remedies no longer available).  Petitioner seems to acknowledge this fact in his clarification

of the petition: "the issues that counsel did bring on appeal were issues previously raised by

the first post-conviction attorney and the issues were without merit."  Dkt. #6 at 2.

Unfortunately for petitioner, this means that he did not properly present any of the claims

in his federal petition.

The next question is whether petitioner may still exhaust his ineffective assistance

claims by presenting them to the state courts.  28 U.S.C. § 2254(c) ("An applicant shall not

7

be deemed to have exhausted the remedies available in the court of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). Wisconsin's statute governing postconviction motions, Wis. Stat. § 974.06, allows defendants to attack their conviction collaterally on constitutional grounds after the time for seeking a direct appeal or other post-conviction remedy has expired. However, a petitioner is procedurally barred from raising a claim in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d at 544 (1992); Wis. Stat. § 974.06(4).

Petitioner blames his appellate attorney, Nesson, for failing to present all of his claims on direct appeal. Ineffective assistance of appellate counsel may provide a sufficient reason for not raising an issue on direct appeal. Knight, 168 Wis. 2d at 520, 484 N.W.2d at 544 (1992); see also Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (although ineffective assistance can excuse procedural default in a § 2254 petition, petitioner must first raise this claim to state court). However, petitioner has never presented a claim to the state courts that Nesson was ineffective. As noted by respondent, petitioner may still raise this claim in state court by filing a Knight petition. The fact that the state courts are not likely to rule in petitioner's favor does not mean that the exhaustion requirement can be dispensed with.

8

Cawley v. DeTella, 71 F.3d 691, 696 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).

### C.  Motion to Stay

Petitioner filed the instant petition on May 15, 2008, about one month before the expiration of his federal habeas filing deadline.  Because the time during which the petition has been pending in this court does not toll the one-year statute of limitations, petitioner does not have any time remaining on his habeas clock.  Newell v. Hanks, 283 F.3d 827, 834 (7th Cir. 2002); Jones v. Berge, 101 F. Supp. 2d 1145, 1150 (E.D. Wis. 2000).  He would not have time to file a new habeas petition in this court after he has exhausted his state court remedies.  Recognizing this problem, petitioner has requested that this court hold his case in abeyance while he exhausts his claim.  However, as respondent argues, the stay and abeyance procedure is available only in limited circumstances.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that it, a petition containing both exhausted and unexhausted claims, to allow the petitioner to present his unexhausted claims to the state court and return to federal court for review of his perfected petition.  The Court ruled that a district court has such discretion in situations

in which outright dismissal of a mixed petition could jeopardize the opportunity for any federal review of the unexhausted claims.  Rhines, 544 U.S. at 275.

Contrary to petitioner's assertion, his petition is not mixed because he has not exhausted *any* of his claims.  Respondent argues that given this, stay and abeyance is inappropriate.  Although that may be true under the holding in Rhines, the Court of Appeals for the Seventh Circuit has instructed district courts to consider whether a stay is appropriate when a dismissal of the petition without prejudice would "effectively end any chance at federal habeas review," that it, when there is a substantial risk that it comes too late for the prisoner to re-file."  Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (citing Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006); Newell v. Hanks, 283 F.3d 827, 835 (7th Cir. 2002); Post v. Gilmore, 111 F.3d 556, 557 (7th Cir. 1997)).  The Supreme Court also has instructed petitioners "who are unsure about whether they have properly exhausted state remedies to file a 'protective petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.'" Id. (quoting Pace v. DiGugliemo, 544 U.S. 408, 416 (2005)).

Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court and the unexhausted claims are not plainly meritless. Rhines, 544 U.S. at 277; Tucker, 538 F.3d at 735.  Petitioner has not met either standard.

1.  Good cause

Apart from the Supreme Court's suggestion that "a petitioner's reasonable confusion about whether a state filing would be timely" would constitute good cause for him to file in federal court before exhausting his state court remedies, Pace, 544 U.S. at 416, the Court has not identified the circumstances that would constitute "good cause" for a petitioner's failure to exhaust all of his federal claims in state court.  (In Rhines, 554 U.S. 269, the Court was silent on the question.)  Lacking any clear guidance from the Supreme Court, the lower courts have diverged on the meaning of "good cause," with some courts equating it to the external circumstances that must exist in order for a petitioner to show cause to overcome a procedural bar, e.g., Hernandez v. Sullivan, 397 F. Supp. 2d 1205, 1206-07 (D.C. Cal. 2005); Johnson v. Sullivan, 2006 WL 37037, *3  (C.D. Cal. Jan. 4, 2006); Pierce v. Hurley, 2006 WL 143717, *8 (S.D. Ohio Jan. 18, 2006); Carter v. Friel, 2006 WL 208872, *3 (D. Utah Jan. 26, 2006), and others finding that "good cause" requires a lesser showing.  Bryant v. Greiner, 2006 WL 1675938, *5 (S.D.N.Y. June 15, 2006); Fernandez v. Artuz, 2006 WL 121943, at *6-7 (S.D.N.Y. Jan. 18, 2006); Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand).

Without much discussion of the matter, several district courts have found that allegedly ineffective assistance of counsel during postconviction or appellate proceedings constituted good cause for failure to exhaust claims in state proceedings.  E.g., Iscaro v.

11

Trombley, 2006 WL 1064218, *3 (E.D. Mich. Apr. 21, 2006); Rhines, 408 F. Supp. At 849

(finding ineffective assistance of counsel analogous to "reasonable confusion about whether

a state filing would be timely"); Ramchair v. Conway, 2005 WL 2786975, *16 (E.D.N.Y.

Oct. 26, 2005); Boyd v. Jones, 2005 WL 2656639, *4 (E.D. Mich. Oct. 14, 2005); Fradiue

v. Pliler, 2005 WL 2204862, *2 (E.D. Cal. Sept. 8, 2005); Martin v. Warren, 2005 WL

2173365, *2 (E.D. Mich. Sept. 2, 2005).  However, at least three district courts have found

that allegedly ineffective assistance of counsel during postconviction proceedings does not

constitute good cause.  E.G., Carter v. Friel, 2006 WL 208872, *3 (D. Utah, Jan. 6, 2006);

Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y., 2005); Hubbert v. Renico, 2005

WL 2173612, *3 (E.D. Mich. Sept 7, 2005).  Assuming without deciding that ineffective

assistance of counsel could support a finding of good cause in some instances, I cannot

conclude that it supports such a finding in this case.

　　Petitioner was well aware of all of his potential ineffective assistance claims at the

time he filed his direct appeal because he raised all of them in his postconviction motion in

the circuit court.  Further, all of the claims were addressed at the 2006 Machner hearing at

which plaintiff testified.  Even though Nesson failed to raise the claims on appeal in 2006,

petitioner had almost two years in which he could have filed a state habeas petition alleging

Nesson's ineffective assistance of counsel.  Because petitioner filed a pro se Knight petition

in 2004, it is reasonable to infer that he knew how to raise an ineffective assistance of

appellate counsel claim.  Not only has petitioner failed to offer a reason for why he did not

file such a claim, he has not explained why he did not file an earlier federal habeas petition.

Accordingly, appellate counsel cannot be blamed for petitioner's failure to pursue his state

court remedies for more than two years.


2.  Potential merit of unexhausted claims

Even if petitioner could show good cause for his failure to exhaust his state court

remedies, I would deny his motion for a stay because his unexhausted claims have no merit.

Rhines, 544 U.S. at 278.  For similar reasons, none of his claims rise to the level of a

constitutional violation.  28 U.S.C. § 2254(a); see also 28 U.S.C. 2254(b)(2) (writ of habeas

corpus may be denied on merits, notwithstanding applicant's failure to exhaust remedies

available in state courts).

In order to establish either his ineffective assistance of appellate counsel claim or his

underlying ineffectiveness of trial and postconviction counsel claims, petitioner must prove

that: 1) the attorney's performance fell below an objective standard of reasonableness; and

2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S.

668, 694 (1984).  The defendant "bears a heavy burden when seeking to establish an

ineffective assistance of counsel claim."  Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996)

(quoting Drake v. Clark, 14 F.3d 351, 355 (7th Cir. 1994)).  To satisfy the first prong of the

13

Strickland test, the performance element, a defendant must identify the acts or omissions

of counsel that form the basis of his claim of ineffective assistance.  Strickland, 466 U.S. at

690; United States v. Moya-Gomez, 860 F.2d 706, 763-64 (7th Cir. 1988).  A court's review

of counsel's performance is highly deferential, presuming reasonable judgment and declining

to second-guess strategic choices.  Strickland, 466 U.S. at 689; Kimmelman v. Morrison, 477

U.S. 365, 381 (1986); United States v. Williams, 106 F.3d 1362, 1367 (7th Cir. 1997).

With regard to the second prong, the prejudice element, "the defendant must show that

there is a probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  Strickland, 466 U.S. at 694; Moya-Gomez, 860

F.2d at 764.

As respondent point out, the circuit court rejected all of petitioner's underlying

ineffective assistance of counsel claims at the Machner hearing, at which Frank, Schatz and

petitioner testified.  In sum, the circuit court found that Frank's testimony was more credible

than that of petitioner and determined that the only error committed was by Schatz, who

failed to preserve petitioner's appellate rights.    Disagreement with a state court's

determination of the facts is not grounds for relief.  Pursuant to § 2254(e)(1), the state

court's findings of fact are presumed correct, and it is the petitioner's burden to show by

clear and convincing evidence that the state court's factual determinations were incorrect *and*

unreasonable.  Harding v. Walls, 300 F.3d 824, 828 (7th Cir. 2002); see also Miller-El v.

14

Cockrell, 537 U.S. 322, 339 (2003) ("a reviewing court, which analyzes only the transcripts

. . ., is not as well positioned as the trial court is to make credibility determinations").

Petitioner has not adduced clear and convincing evidence showing that the circuit court

acted incorrectly or unreasonably.  Accordingly, Nesson cannot be faulted for not raising

meritless claims.

In sum, because petitioner has failed to show that he had good cause for his failure

to exhaust his claims and that his unexhausted claims have potential merit, his motion for

a stay is denied.


ORDER

IT IS ORDERED that petitioner's motion for a stay of proceedings is DENIED.

FURTHER, IT IS ORDERED that respondent's motion to dismiss on the ground that

petitioner failed to exhaust his state court remedies is GRANTED.  The clerk of court is

directed to enter judgment dismissing the petition without prejudice and close this case.

Entered this 28th day of October, 2008.


BY THE COURT:


/s/


_____
BARBARA B. CRABB
District Judge


15